THE METROPOLITAN STREET-RAILWAY COMPANY v. FELIX ROUCH.

No. 12,909.  (71 Pac. 257.)

SYLLABUS BY THE COURT.

1. PERSONAL INJURIES — *Street-railway Crossing — Reciprocal Rights*. In an action for damages for an injury occasioned by a collision between a street-car and plaintiff's buggy while he was driving on, or dangerously near, the street-car track, an instruction to the jury to the effect that the rights of the plaintiff as a traveler upon that portion of the street occupied by the railway-track and the rights of the street-car company were equal should have been qualified so as to include the duty of the traveler to turn aside to permit an approaching car to pass.

2. ———— *Contributory Negligence — Contradictory Instruction*. In such action an instruction that, even if the jury should find from the evidence that the plaintiff was negligent in having his buggy on or near the track of the defendant so that it was struck by a car, still plaintiff would be entitled to recover if they should further find that the injury was caused entirely by the negligence of the defendant in failing to provide a headlight sufficient to enable the motorman to discover an obstruction in time to stop the car and prevent injury, and that the injury to the plaintiff would not have happened, notwithstanding the negligence of plaintiff, if such headlight had been on the car, is self-contradictory, and, therefore, erroneous in that it postulates negligence in the plaintiff proximately causative of, and directly contributive to, the collision and injury, in the presence of which no negligent act of the defendant could be a sole or entire cause.

3. ——— *Erroneous Instruction.* The instruction mentioned in paragraph 2 above was further erroneous in that it permitted the jury to disregard negligence on the part of the plaintiff proximately causative of, and directly contributive to, his injury. Such negligence is sufficient to defeat recovery.

Error from Wyandotte district court ; E. L. FISCHER, judge.    Opinion filed January 10, 1903.    Reversed.

*Miller, Buchan & Morris,* for plaintiff in error.

*Rush L. Fisette,* and *Bird & Pope,* for defendant in error.

The opinion of the court was delivered by

BURCH, J.:  Felix Rouch suffered injury in person and property resulting from a collision of the buggy in which he was riding with a car of the Metropolitan Street-railway Company, on what is known as Southwest boulevard, in Kansas City, Mo.    The defendant was driving longitudinally on the track of the railway company in an unlighted place, on a dark night, with his buggy top in such a condition that he could not readily see behind him.    The color of the buggy top was such that in the darkness it blended with the color of the pavement, and was not easily discoverable by the motorman of an approaching car.    He did look back from time to time, but after a considerable interval from his last observation, and just as he had stopped his horse from a trot to a walk to turn off the track, the buggy was struck by a car coming from his rear.

The principal charge of negligence against the company was that the headlight of the car was insufficient to enable the motorman to discover objects on the track in time to prevent injury, and that the car was run at such a rate of speed that it could not be

stopped in time to avoid a collision after the discovery of an obstruction. The affirmative defense of contributory negligence on the part of the plaintiff was asserted against him. While the plaintiff's own testimony tended strongly to convict him of such contributory negligence as would prevent recovery, still different minds might have drawn different conclusions from all the circumstances presented by his evidence, and the case was properly submitted to the jury.

On the trial the railway company asked the following instruction:

"You are instructed that, while the plaintiff had the right to use the street and any and all parts of it as might be necessary in traveling thereon, yet the defendant in operating its cars on a fixed track is not expected nor required to turn out for persons occupying its tracks, but, so far as passage along its tracks is concerned, it has the superior right of passage, and men driving horses must turn out and allow the cars to pass."

This was refused, and, instead, the court instructed the jury that the rights of the railway company and the plaintiff as a traveler in the street, were equal. In Thompson on Negligence, section 1374, it is said:

"While it is sometimes said that ordinary vehicles have *equal rights* in the use of the streets with railroad-cars, yet this must necessarily be understood with reference to the *difference* in construction and mobility between ordinary vehicles, which may move from side to side at pleasure, and railway-cars, which cannot leave their tracks. It is, therefore, a sound view that a railway company, which is permitted by law to lay its tracks through a public highway, is not subject, in the running of its cars, to the ordinary *law of the road*, but that it has the *exclusive right of way* upon that portion of the highway occupied by its tracks; so that an ordinary vehicle, passing along the highway, is under

the duty of turning out to give way for its cars, and
the drivers of such vehicles cannot require the driver
of the car to stop, or to do any other act to avoid a
collision, where they can avoid the result by turning
out.     But even this exclusive right to the use of those
portions of the street covered by its tracks does not
exclude the public from using such portions, when to
do so will not obstruct or impede the passage of its
cars.''

In section 1375 it is also said :

''But while it is the duty of the traveler, as far as
he reasonably can, to keep off the tracks of the street-
railway company, so as to permit the free and unob-
structed passage of cars thereon, yet there is no rule of
law obliging him, at all times, and under all circum-
stances, to refrain from *driving upon such track*, and we
shall see that the courts refuse to impute contributory
negligence to such an act.     The better opinion is that
the rights of the traveler and the railway company, in
the use of the highway, are equal, but with this limita-
tion, that, as a car of the railway company cannot
quit its tracks and turn out in order to pass the trav-
eler, the traveler must turn out for it.''

In section 1453 it is further stated :

''A street-railway company whose track is laid along
a public street and on the surface thereof is not, as a
steam-railway company is, entitled to the exclusive
use of its track ; but the public have a right to use
that portion of the roadway occupied by its track for
the purposes of ordinary travel.     In this regard their
right is undoubtedly subordinate to the right of the
street-railway company in such a sense that they are
obliged to yield the right of way on the approach of a
car, since the car traveling on a fixed track cannot
yield the right of way to them.''

While it is doubtful if the refusal of the instruction
asked and the giving of the instruction prepared by
the court prejudiced the defendant, in view of all the
facts and of other directions relating to the proper

conduct of the parties, still any statement of the law to the jury which announces equality of right should embody the qualification indicated in the work quoted above.

The court also gave the jury an instruction which reads as follows :

"14. In this case, even if you find from the evidence that the plaintiff was negligent in having his buggy on or so near the track of the defendant that it was struck by one of its moving cars, still the plaintiff is entitled to recover if you further find from the evidence that the injury was caused entirely by the negligence of the defendant in failing to have on its said car, such a headlight as would have enabled the motorman to have discovered the buggy of the plaintiff in time to have stopped his car before it collided with such buggy by a proper use of the appliances on said car for stopping it, and that the injury to the plaintiff would not have happened, notwithstanding the negligence of the plaintiff, if such a headlight had been on such car."

Whatever injury occurred in this case resulted from the collision of the buggy and the car. Having the buggy on or near the track was absolutely necessary to a collision ; without that no collision could possibly occur. Having the buggy on or near the track was, therefore, a proximate cause of the collision, and directly contributed thereto. The plaintiff might or might not have been negligent in having the buggy on or near the track, but if he was negligent in so doing he was negligent in a matter that was proximately causative of, and directly contributive to, the collision, and, hence, to the injury. When, therefore, the court postulated negligence in the plaintiff in having his buggy on or near the track so that the car struck it, the court postulated negligence proximately causative of, and directly contributing to, the collision and the

injury. But if the plaintiff's negligence was a cause of the collision and contributed thereto, the collision could not have been caused entirely by anything else. While the defendant's negligence might be in part causative of, and contributive to, the collision, it could not be the sole or entire cause when another proximate cause and direct contribution had been hypothesized on the part of the plaintiff. The instruction, therefore, presented to the jury a contradiction and an impossibility.

A part of instruction No. 11, given to the jury, reads as follows :

"11. But if you find that the plaintiff, by any act or omission on his part, was guilty of negligence, as hereinbefore defined, and that such negligence directly contributed in causing the collision and injuries, if any, then you will find for the defendant, regardless of whether or not it or its servants were also negligent."

In other words, if the plaintiff was negligent in having his buggy on or near the track so that the car struck it, thereby proximately causing, and directly contributing to, the collision and the injury, the defendant's negligence should be disregarded— that is, the defendant's negligence in having an insufficient headlight should be disregarded. But, by instruction No. 14, the jury were told that, notwithstanding the plaintiff was negligent in a matter proximately causing, and directly contributing to, the collision and injury, such negligence could be utterly ignored if the defendant were negligent in having an insufficient headlight. Reduced to their simplest forms, the propositions were as follows : Negligence of plaintiff proximately causing and directly contributing to the injury bars recovery ; and negligence

of plaintiff proximately causing and directly contributing to the injury does not bar recovery.

Since instruction No. 14 authorized the jury to ignore want of ordinary care on the part of the plaintiff, proximately causing and directly contributing to his injury, it was erroneous. Such negligence defeats recovery in this state. If the court had in mind a rule applicable to a state of facts in which a plaintiff negligently places himself in a position of peril at the hands of a defendant and then is injured under such circumstances that his negligence is not the proximate cause, while that of the defendant is, such rule was not presented to the jury.

The judgment of the court below is reversed, with direction to grant a new trial.

All the Justices concurring.